UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

JOSHUA LEE CARROLL, et al.,   )
                              )
        Plaintiffs,           )
                              )
        v.                    )   NO. 2:11-0019
                              )   Judge Sharp/Bryant
FENTRESS COUNTY SHERIFF'S     )
DEPARTMENT, et al.,           )
                              )
        Defendants.           )
                              )

**TO: The Honorable Kevin H. Sharp**

### REPORT AND RECOMMENDATION

Defendant Evelyn Faye Smith has filed her motion to dismiss (Docket Entry No. 28), to which plaintiff King has filed a response in opposition (Docket Entry No. 63).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that defendant Smith's motion to dismiss be **DENIED**.

Plaintiffs Carroll and King, prisoners proceeding in forma pauperis and pro se, have filed their complaint which, liberally construed, alleges that defendants have been wilfully indifferent to plaintiffs' serious medical needs while they have been confined in the Fentress County Jail (Docket Entry No. 1).

Defendant Evelyn Faye Smith, identified in the complaint as the jail nurse, has filed her motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on several grounds. First, defendant Smith asserts lack of personal jurisdiction,

insufficient process and insufficient service of process based upon her claims that she has not been personally served with the summons and the complaint and that the summons does not list her residential address. Second, defendant Smith asserts that the complaint is subject to dismissal because plaintiffs failed to exhaust their administrative remedies before filing their complaint. The undersigned Magistrate Judge will address these defenses separately.

**Lack of Personal Jurisdiction, Insufficient Process<br>and Insufficient Service of Process**

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual defendant may be served with process by (a) delivering a copy of the summons and complaint to the individual personally, (b) leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there, (c) delivering a copy of each to an agent authorized to receive service by that defendant, or (d) in any manner permitted by state law for serving process in courts of general jurisdiction in the state where the district court is located or where service is being made. This rule does not permit service of an individual merely by delivering a copy of the summons and complaint at the defendant's place of employment.

Here, it appears from the record that plaintiffs attempted to obtain service of process on defendant Smith by having a copy of the summons and complaint mailed to her at the Fentress

2

County Sheriff's Department at 100 Smith Street, Jamestown, Tennessee (Docket Entry No. 13). It further appears that the mail package, addressed to defendant Smith, was signed for by an individual whose signature appears to read, "Helen Cook." In support of her motion, defendant Smith has filed her affidavit (Docket Entry No. 28-1) in which she states that she has never lived at 100 Smith Street in Jamestown, and that she has never authorized or appointed Helen Cook as her agent for purposes of accepting service of process.

This case presents a situation that a fellow Magistrate Judge in this district has recently considered in another section 1983 case involving an in forma pauperis prisoner plaintiff. See Stevenson v. Helton, No. 1:10-0043, 2011 WL 3422776 (M.D. Tenn. Aug. 4, 2011). In discussing service of process in in forma pauperis, pro se prisoner cases, Magistrate Judge Knowles stated the following:

> The rules governing the proper service of process in federal courts can be quite complex. [Docket citation omitted]. One principle, however, is clear. In cases filed in forma pauperis, the responsibility for serving summonses rests upon the United States Marshal. Title 28, Section 1915(d) states in part, "The officers of the court shall issue and serve all process, and perform all duties in such [in forma pauperis] cases." Additionally, Fed.R.Civ.P. 4(c)(3) provides:
>
> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma

3

>     pauperis under 28 U.S.C. § 1915. . . .
>
> As the Sixth Circuit has stated:
>
>> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[(d)] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, *thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the Court the defendants named in the complaint.* Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).

Id. at *1.

The undersigned Magistrate Judge finds this reasoning persuasive. In this case, the record reflects that defendant Smith was reasonably identified for the Court, that the U.S. Marshals Service served summonses on defendant Smith via certified mail, and that process was delivered at the address indicated. (Docket Entry No. 13). Summons for defendant Smith was executed at the Fentress County Sheriff's Department at 100 Smith Street, Jamestown, Tennessee, where Ms. Smith allegedly is employed.

In summary, plaintiffs, prisoners proceeding pro se and in forma pauperis have met their burden by identifying the defendants to be served; at that point, responsibility for service of process rests with the United States Marshals Service. If defendants were not properly served, plaintiffs cannot be held responsible. Therefore, the Court should **DENY** defendant Smith's motion to dismiss.

4

Defendants have the option to waive the defenses of lack of personal jurisdiction, insufficient process and insufficient service of process. Federal Rule of Civil Procedure 12(h). Alternatively, despite the recommended denial of her motion to dismiss, defendant Smith may, if she chooses, demand proper service. It is therefore **RECOMMENDED** that the Court allow 21 days for defendant Smith to advise the Court whether she will waive defenses related to service of process. If she chooses not to waive service, defendant Smith shall advise the Court in a filing where and when she desires to be served, so that the Court may direct the Marshals Service to serve defendant Smith at the specified time and place. See also Allen v. Siddiqui, No. 3:07-CV-P261-H, 2008 WL 2217363 at *2 (W.D. Ky. May 27, 2008).

### **Failure to Exhaust Administrative Remedies**

Defendant Smith as an additional ground for her motion to dismiss asserts that plaintiffs' action is barred because they have failed to exhaust available administrative remedies prior to bringing this action (Docket Entry No. 28-2). In support of this defense, defendant Smith cites the cases of Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998) and Burton v. Jones, 321 F.3d 569 (6th Cir. 2003) among others. These cases, and the other cases upon which defendant Smith relies, all predate the United States Supreme Court's decision in Jones v. Bock, 549 U.S. 199 (2007). Jones v. Bock established that exhaustion of administrative remedies under

5

the Prison Litigation Reform Act is an affirmative defense that the defendant must plead and prove, and not a pleading requirement that the prisoner must satisfy in his complaint. The Supreme Court expressly abrogated earlier Sixth Circuit cases to the contrary, including several of those relied upon by defendant Smith in her memorandum.

Since failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proved by a defendant, the undersigned Magistrate Judge finds that failure to exhaust administrative remedies is not an appropriate grounds for dismissal under Rule 12. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that defendant Smith's motion to dismiss based upon failure to exhaust be **DENIED**, without prejudice to her right to raise this same defense in a properly supported motion for summary judgment.

## RECOMMENDATION

For the reasons stated above in this report and recommendation, the undersigned Magistrate Judge **RECOMMENDS** that defendant Smith's motion to dismiss (Docket Entry No. 28) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said

6

Case 2:11-cv-00019   Document 66   Filed 01/18/12   Page 6 of 7 PageID #: 158

objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 17th day of January 2012.

      s/ John S. Bryant
      JOHN S. BRYANT
      United States Magistrate Judge