UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

```
JOSHUA LEE CARROLL, et al.,     )
                                )
        Plaintiffs,             )
                                )
        v.                      )   NO.  2:11-0019
                                )   Judge Sharp/Bryant
FENTRESS COUNTY SHERIFF'S       )
DEPARTMENT, et al.,             )
                                )
        Defendants.             )
                                )
```

**TO: The Honorable Kevin H. Sharp**

### REPORT AND RECOMMENDATION

Defendants Fentress County Sheriff's Department and Laurel Wasik have filed their motion to dismiss (Docket Entry No. 29), and plaintiff King has filed a response in opposition (Docket Entry No. 63).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that defendant Fentress County Sheriff's Department's motion to dismiss should be **GRANTED** and that defendant Wasik's motion to dismiss should be **DENIED**.

### Statement of the Case

Plaintiffs Joshua Lee Carroll and William Carter King, prisoners who are proceeding pro se and in forma pauperis, have filed their complaint pursuant to 42 U.S.C. section 1983 which, liberally construed, alleges that defendants have been wilfully indifferent to their serious medical needs (Docket Entry No. 1).

The Chief Judge has determined that at least some of plaintiffs' claims are not facially frivolous (Docket Entry No. 4).

### **The Motion To Dismiss**

Defendants Fentress County Sheriff's Department and Laurel Wasik jointly have filed a motion to dismiss (Docket Entry No. 29). These defendants assert different grounds supporting their motion for dismissal, and the undersigned Magistrate Judge will address each defendant separately.

<u>Fentress County Sheriff's Department</u>. Fentress County Sheriff's Department asserts that the complaint against it should be dismissed, presumably pursuant to Rule 12(b)(6), because the Sheriff's Department is not a legal entity subject to suit under section 1983. Therefore, the Sheriff's Department argues that the complaint against it fails to state a claim upon which relief can be granted.

In a suit premised on 42 U.S.C. section 1983, the Sheriff's Department is not an entity that may be sued, and Fentress County is the proper party to address the allegations in plaintiffs' complaint. See Matthews v. Jones, 25 F.3d 1046, 1049 (6th Cir. 1994). For this reason, the undersigned Magistrate Judge finds that the complaint against defendant Fentress County Sheriff's Department should be **DISMISSED**.

<u>Defendant Laurel Wasik</u>. The complaint identifies defendant Laurel Wasik as the jail administrator at the Fentress

County Jail in Jamestown, Tennessee. Although her motion to dismiss does not explicitly cite the rules upon which she seeks dismissal, it appears that defendant Wasik bases her motion on lack of personal jurisdiction, insufficient process and insufficient service of process, pursuant to Rule 12(b)(2), (4) and (5) of the Federal Rules of Civil Procedure. Specifically, defendant Wasik asserts that she has not been personally served with process in this case under either Rule 4 of the Federal Rules of Civil Procedure or the corresponding state rule for serving process in an action brought in courts of general jurisdiction in Tennessee.

The record in this case indicates that a copy of the summons and complaint addressed to defendant Wasik was served by the U.S. Marshals Service via certified mail addressed to Ms. Wasik at the Fentress County Sheriff's Department, 100 Smith Street, Jamestown, Tennessee 38556 (Docket Entry No. 12). This mail was signed for by an individual named Helen Cook.

In support of her motion to dismiss, defendant Wasik has filed her own affidavit in which she states that on the date of service she did not reside at 100 Smith Street in Jamestown, nor has she ever appointed Helen Cook, or anyone else, as her agent to receive service of process (Docket Entry No. 32). Neither Rule 4 of the Federal Rules of Civil Procedure nor the corresponding Tennessee state rule for service of process authorizes service merely by delivery to a defendant's place of employment. From the

3

record, it appears that plaintiffs have attempted to serve defendant Wasik by mailing process to her place of employment at the Fentress County Jail. Moreover, the record fails to indicate that defendant Wasik has personally received a copy of the summons and complaint.

This case presents a situation that a fellow Magistrate Judge in this district has recently considered in another section 1983 case involving an in forma pauperis prisoner plaintiff. See Stevenson v. Helton, No. 1:10-0043, 2011 WL 3422776 (M.D. Tenn. Aug. 4, 2011). In discussing service of process in in forma pauperis, pro se prisoner cases, Magistrate Judge Knowles stated the following:

> The rules governing the proper service of process in federal courts can be quite complex. [Docket citation omitted]. One principle, however, is clear. In cases filed in forma pauperis, the responsibility for serving summonses rests upon the United States Marshal. Title 28, Section 1915(d) states in part, "The officers of the court shall issue and serve all process, and perform all duties in such [in forma pauperis] cases." Additionally, Fed.R.Civ.P. 4(c)(3) provides:
>
> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. . . .
>
> As the Sixth Circuit has stated:
>
> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[(d)] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States

4

> Marshal who must in turn effectuate service upon the defendants, *thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the Court the defendants named in the complaint*. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).

Id. at *1.

The undersigned Magistrate Judge finds this reasoning persuasive. In this case, the record reflects that defendant Wasik was reasonably identified for the Court, that the U.S. Marshals Service served summonses on defendant Wasik via certified mail, and that process was delivered at the address indicated. (Docket Entry No. 12). Summons for defendant Wasik was executed at the Fentress County Sheriff's Department at 100 Smith Street, Jamestown, Tennessee, where Ms. Wasik allegedly is employed.

In summary, plaintiffs, prisoners proceeding pro se and in forma pauperis have met their burden by identifying the defendants to be served; at that point, responsibility for service of process rests with the United States Marshals Service. If defendants were not properly served, plaintiffs cannot be held responsible. Therefore, the Court should **DENY** defendant Wasik's motion to dismiss.

Defendants have the option to waive the defenses of lack of personal jurisdiction, insufficient process and insufficient service of process. Federal Rule of Civil Procedure 12(h). Alternatively, despite the recommended denial of her motion to dismiss, defendant Wasik may, if she chooses, demand proper

5

service. It is therefore **RECOMMENDED** that the Court allow 21 days for defendant Wasik to advise the Court whether she will waive defenses related to service of process. If she chooses not to waive service, defendant Wasik shall advise the Court in a filing where and when she desires to be served, so that the Court may direct the Marshals Service to serve defendant Wasik at the specified time and place. See also Allen v. Siddiqui, No. 3:07-CV-P261-H, 2008 WL 2217363 at *2 (W.D. Ky. May 27, 2008).

### RECOMMENDATION

For the reasons stated above in this report and recommendation, the undersigned Magistrate Judge **RECOMMENDS** that defendant Fentress County Sheriff's Department's motion to dismiss should be **GRANTED** and that defendant Wasik's motion to dismiss should be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can

constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 18th day of January 2012.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge
