UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| JOSHUA LEE CARROLL, *et al.*, ) | |
| ) | |
| Plaintiff ) | |
| ) | No: 2:11-0019 |
| v. ) | Judge Sharp/Bryant |
| ) | **Jury Demand** |
| FENTRESS COUNTY SHERIFF ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Pending in this case is Defendant Faye Smith's motion to dismiss and for summary judgment[1] (Docket Entry No. 149). Plaintiff King has filed in opposition his statement of undisputed facts (Docket Entry No. 156), his response to Defendant Smith's statement of undisputed facts (Docket Entry 157), and his affidavit (Docket Entry No. 158).

For the reason's stated below, the undersigned Magistrate Judge recommends that Defendant Smith's motion for summary judgment be granted and the complaint against her dismissed.

### STATEMENT OF THE CASE

Plaintiffs Joshua Lee Carroll and William Carter King, prisoners proceeding *pro se* and *in forma pauperis*, have filed their civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Smith violated their constitutional rights while they were confined

---

[1]Defendant's motion sought dismissal of Plaintiff Carroll's claims as well as those of Plaintiff King. Plaintiff Carroll's claims have since been dismissed for failure to keep the Clerk informed of his address and failure to prosecute (Docket Entry No. 260). This portion of Defendant's motion is therefore moot.

as prisoners in the Fentress County, Tennessee, jail. Specifically, King alleges that Smith, a nurse practitioner who treated inmates confined in the jail, was deliberately indifferent to his serious medical needs by failing to treat him in response to a medical request dated December 22, 2010 (Docket Entry No. 1 at 5).

Smith has filed her motion for summary judgment based upon two grounds: (1) that King has failed to exhaust his administrative remedies and (2) that the undisputed facts in this case demonstrate that Smith was not deliberately indifferent to any serious medical need of King.

## STANDARD OF REVIEW

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if

2

appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## SUMMARY OF PERTINENT FACTS

The following pertinent facts, which are not in dispute, are summarized from the affidavit of Defendant Smith (Docket Entry No. 151-1).

Defendant Evelyn Faye Smith is a nurse practitioner licensed to practice in Tennessee since 1998. During all times pertinent to this complaint, she provided services to the Fentress County Sheriff's Department by seeing inmates confined in the jail on an as-needed basis. She did not maintain regular hours at the jail, but instead responded to requests for medical attention relayed to her by correctional officers or the jail administrator. Although she usually visited the jail in response to written medical request forms, she also examined and treated inmates who had not completed a request form, as needed.

Defendant Smith examined and treated Plaintiff King on multiple occasions while Plaintiff was confined to the Fentress

3

County Jail. Plaintiff King commenced his most recent confinement in the Fentress County Jail in February 2010. Defendant Smith had previously seen and treated King both as a private patient and during his earlier confinements at the Fentress County Jail.

The first occasion on which Defendant Smith saw Plaintiff during this confinement occurred on February 13, 2010. Defendant Smith examined Plaintiff on this date and treated him for small bumps on both of his upper arms which Plaintiff Smith believed to be contact dermatitis. She prescribed for him a tube of Triamcinolone cream for this condition. She also noted that she would attempt to get for him a blood test for an unrelated condition from the Tennessee Department of Health.

On March 1, 2010, King completed a Fentress County Jail medical request form complaining of "severe skin problems" that he said were getting worse. Smith told King that she thought the bumps on his arm that he was complaining about were the same bumps for which she had prescribed the Triamcinolone cream for him two weeks earlier.

In late April, 2010, the Fentress County Jail accidentally released King early and he was free for almost two weeks before being re-arrested and returned to jail. During this period of freedom, King visited Smith at the Deer Lodge Clinic in Wartburg, where Smith ordinarily worked, and requested a prescription for narcotic medication. Smith declined to grant this request. King sought no other treatment for his skin condition or any other medical complaint.

On May 16, 2010, when Plaintiff King was again confined in the Fentress County Jail, Defendant Smith saw him in response to

a medical request form he had completed dated May 12, 2010. The request form read, "Could you please get my medical record from Scott County Jail and check and see what tests need to be run. I've been throwing up and experiencing pain in my side & back. I'm not trying to cause problems, while I was at Dr. Sewell's office he wanted to run more tests but I thought I was being released so I didn't have them run. Thank you!" King reported that he had had these problems or complaints before. Smith did not interpret this request as a request for a visit by her, so she noted on the bottom of the medical request form that blood tests had been done two months before at Deer Lodge Clinic, and therefore no further tests were needed at this time.

On May 25, 2010, King completed another medical request form stating, "I'm throwing up blood, can't hold any food down, sharp pains in stomach." Smith examined King and wrote him a prescription for a month's worth of 100 mg tablets of Neurontin (gabapentin).

As Defendant Smith recalls, Plaintiff King left the Fentress County Jail for about a month in early September 2010 and returned to the Fentress County Jail sometime in October 2010.

On October 29, 2010, King completed a medical request form on which he wrote only "stomach and chest, back." Smith examined him after receiving the request form and prescribed two daily 30 mg doses of Zantac and three daily 500 mg doses of Amoxicillin.

On December 12, 2010, Smith saw Plaintiff King in response to another medical request form that he had completed on

5

December 8, 2010. On the form he had written: "I have saw Faye over this. She said if I didn't get any better to see her again. I have knots in my chest that are very painful. Thank you–needs attention ASAP." Smith examined King and determined that he had enlarged nodes on his chest, likely the result of his squeezing and manipulating them. Smith noted that these nodes were smaller than they had been in October when she had last seen King.

Although she came to the jail to see inmates several times in December 2010 and in January 2011, she does not recall seeing a medical request form from King dated December 22, 2010, or January 8, 2011. Had she known that King had requested a medical examination, she would have seen him.

In Plaintiff King's affidavit filed in opposition to Smith's motion for summary judgment (Docket Entry No. 158), Plaintiff admits that Defendant Smith prescribed for him multiple medications for various complaints. Plaintiff further states that he was treated for a rash on his genitals, legs and face and was given "shots for stomach problems." While conceding that he had received these treatments by Smith, Plaintiff in his affidavit complains that he was not provided with copies of his medical records and was not referred to a physician by Defendant Smith.

The Eighth Amendment of the United States Constitution prohibits the infliction of "cruel and unusual punishment." The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The Sixth Circuit has held that an Eighth Amendment claim based upon provision of medical care has both an objective and a

6

subjective component. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). The objective component requires that the inmate shows the existence of a sufficiently serious medical need. *Blackmore*, 390 F.3d at 895; *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). Courts have held that a medical need is "objectively serious" if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Blackmore*, 390 F.3d at 897 (citing cases). On the other hand, courts have observed that "delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a [constitutional] violation." *Id*. (quoting *Hill v. Dekalb Reg'l Youth Det. Center*, 40 F.3d 1176, 1187-88 (11th Cir. 1994)).

The subjective component of the "deliberate indifference" standard requires a showing of conscious disregard by the Defendant that is tantamount to criminal recklessness. A plaintiff must demonstrate that the defendant was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that [s]he actually drew that inference." *Reilly v. Vadlamudi*, 680 F.3d 617, 625 (6th Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

From the undisputed proof in this case, the undersigned Magistrate Judge finds that Plaintiff King has failed make a showing that he suffered from a sufficiently serious medical need, or that Defendant Smith was aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff King existed, and that Defendant Smith actually drew that inference. First, there is no evidence that the medical complaint

of Plaintiff King amounted to a sufficiently serious medical need. He complains of what he describes as "knots" in his chest and arm, but he admits in his deposition that he does not know what caused the knots (Docket Entry No. 151-3 at 10). In addition, Plaintiff has offered no competent medical proof that any of his medical complaints amounted to a serious medical need, or that any acts or omissions by Defendant Smith have caused Plaintiff any harm or injury that otherwise would not have occurred.

In addition, Plaintiff King has wholly failed to demonstrate deliberate indifference on the part of Defendant Smith. The undisputed record shows that she came to the jail and examined and treated him for various medical complaints on at least seven occasions from February through December 2010 while Plaintiff was incarcerated at the Fentress County Jail. There is no evidence that Defendant Smith ever refused to see Plaintiff King after she was notified that he had lodged a medical request form.

For the foregoing reasons, the undersigned Magistrate Judge finds that upon the proof in this record no reasonable jury could find that Defendant Smith was willfully indifferent to the serious medical needs of Plaintiff King. Therefore, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that Defendant Smith is entitled to judgment as a matter of law.

Defendant Smith also urges that she is entitled to summary judgment because Plaintiff King has failed to exhaust his administrative remedies by means of the grievance system in effect at the Fentress County Jail. Plaintiffs Carroll and King attached to their complaint a copy of an inmate grievance form dated January 25, 2011, which lists certain code sections of the Tennessee Code

8

Annotated that appear to deal primarily with jail housekeeping and health measures, but do not mention Defendant Smith nor complain about any deficiencies in her medical care. Plaintiffs also attached an inmate grievance form dated December 22, 2010, in which Plaintiff King complains of "black mold" and to the fact that he had been sent to three different counties over medical issues and that he needs to see "a real doctor for 2nd med opinion." Again, this grievance fails to mention Defendant Smith or any specific alleged deficiencies in her care. Moreover, these grievance forms fail to indicate that remedial action was denied by the jail or that such denial was appealed by Plaintiff King.

The Prison Litigation Reform Act requires that prisoners must exhaust all administrative remedies before pursuing a civil rights lawsuit pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1997(e)(a). Exhaustion of administrative remedies is mandatory, and no unexhausted claim can be brought to court. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

At all pertinent times an inmate grievance procedure was in effect at the Fentress County Jail (Docket Entry No. 151-2 at 82-87). Plaintiff King has failed to offer any evidence that he has exhausted his remedies by appealing any grievances upon which he bases his claims in this case. In fact, two of the inmate grievance forms filed as attachments to the complaint were dated January 25, 2011 (Docket Entry No. 1-1 at 1 and 7), which is two days after the date on which Plaintiffs Carroll and King signed the certification at the end of their complaint (Docket Entry No. 1 at 6). A comparison of these dates suggests no attempt to exhaust administrative remedies, since the complaint apparently was signed before two of the grievances were submitted.

9

For this additional reason, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that Defendant Smith is entitled to summary judgment for Plaintiff King's failure to exhaust administrative remedies prior to filing his complaint.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant Smith's motion for summary judgment with respect to Plaintiff King's claims should be GRANTED, that the motions with respect to Plaintiff Carroll should be DENIED as moot, and that the complaint against Defendant Smith should be DISMISSED. If the Court is inclined to grant defendant's motion on grounds of failure to exhaust administrative remedies, such dismissal should be without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 23rd day of August, 2013.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge