```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                    NORTHEASTERN DIVISION
```

JOSHUA LEE CAROLL, *et al.*,        )
                                    )
        Plaintiffs                  )
                                    )         No. 2:11-0019
v.                                  )         Judge Sharp/Bryant
                                    )         **Jury Demand**
FENTRESS COUNTY SHERIFF             )
DEPARTMENT, *et al.*,               )
                                    )
        Defendants                  )

TO:   THE HONORABLE KEVIN H. SHARP

## REPORT AND RECOMMENDATION

Defendant Laurel Wasik has filed her motion for summary judgment (Docket Entry No. 307). Plaintiff King, a prisoner proceeding *pro se* and *in forma pauperis*, has filed his response in opposition (Docket Entry No. 325).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant Wasik's motion for summary judgment be GRANTED, and the complaint dismissed with prejudice.

## STATEMENT OF THE CASE

Plaintiffs Joshua Lee Carroll and William Carter King filed their *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated their constitutional rights by failing to correct unsanitary conditions in the Fentress County Jail and by being willfully indifferent to Plaintiffs' serious medical needs (Docket Entry No. 1). Specifically, Plaintiffs complained about unsanitary conditions resulting from faulty plumbing and the presence of "black mold" in the jail.

Plaintiff Carroll's claims were dismissed for his failure to prosecute and his failure to keep the court informed of his

current address (Docket Entry No. 260). In addition, Plaintiff's claims against Defendant Fentress County Sheriff's Department and Defendant Faye Smith have previously been dismissed (Docket Entry Nos. 87 and 320), leaving Plaintiff King's claims against Defendant Wasik as the only surviving claim in the case.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is

triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ANALYSIS**

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee their safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison's conditions of confinement fail to meet constitutional requirements if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official inflicting such conditions acts with a sufficiently culpable state of mind if he does so with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to

inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw this inference. *Farmer,* 511 U.S. at 837.

Defendant Laurel Wasik served as the Jail Administrator of the Fentress County Jail from September 1, 2010, until August 18, 2011 (Docket Entry No. 312 at 1). On September 2, 2010, Plaintiff King was transferred from the Fentress County Jail to the Overton County Jail, where he remained until September 28, 2010, when he was transferred back to the Fentress County Jail (Docket Entry No. 313 at 3).

Plaintiff King's complaint against Defendant Wasik is based upon claims of (1) unsanitary conditions at the jail including but not limited to "black mold," and (2) deliberate indifference to his serious medical needs.

According to the declaration of Defendant Wasik (Docket Entry No. 312), she began improvements at the jail shortly after beginning her employment there in early September 2010. She began by having the jail cleaned and painted (*Id.*). She identified a Cookeville plumbing company (All American Plumbing) and obtained county approval of purchase orders to perform plumbing work in the jail. Approval was obtained on September 28, 2010, and the work was commenced on October 2, 2010, four days after Plaintiff King returned from the Overton County Jail. Additional work was performed later in October 2010, and the total cost of this work exceeded $6,700. The work included repair and replacement of

plumbing and plumbing fixtures within the jail (Docket Entry No. 312 at 2).

In addition, Defendant Wasik took steps to address complaints of mold within the jail.[1] Specifically, mold that was found was removed by spraying with bleach and scraping or brushing surfaces to remove all traces of mold. In addition, the jail obtained a professional evaluation that suggested that the jail's ventilation system needed modifications to remove moisture from the air that resulted in condensation, promoting the growth of mold. On January 7, 2011, Drain Masters Plumbing and Mark Flatt submitted a proposal to revamp the HVAC unit in the jail in order to reduce moisture in the air and resulting condensation. The cost of this proposal was $9,800. On January 20, 2011, All American Plumbing submitted a proposal for revamping the HVAC system and removal of moisture and mold within the jail. This proposal was accepted and All American began work under this proposal in late January 2011. This work was completed later in 2011.

In addition, All American Plumbing performed additional plumbing work at the jail on January 24, March 9, and March 16, 2011 (Docket Entry No. 312 at 4-5).

Although it appears evident from the record that plumbing problems and a problem with mold existed at the Fentress County jail in 2010, it also appears that Defendant Wasik began addressing

---

[1]This mold has been described as "black mold," apparently based upon its visual appearance, throughout the record. However, neither Plaintiff nor Defendants have subjected this substance to scientific analysis to determine its identity.

these problems almost as soon as she began her employment in early September 2010. As stated above, she had the walls of the jail cleaned and freshly painted, she obtained approval to employ All American Plumbing to do substantial repairs and replacements on the plumbing and fixtures within the jail. In addition, she had existing mold removed with bleach and scrubbing, and arranged to have considerable work performed on the heating and ventilating system at the jail in order to remove moisture in the air and resulting condensation that tended to promote the growth of mold. This work, and the costs incurred by Fentress County in order to have it done, are documented in the record and are undisputed. From this evidence, the undersigned Magistrate Judge finds that Plaintiff King has failed to demonstrate a genuine issue of material fact for trial supporting his claim that Defendant Wasik was deliberately indifferent to a serious risk of harm to him resulting from unsanitary conditions within the jail.

The declaration of Barbara Rogers (Docket Entry No. 313) also demonstrates that Plaintiff King received medical examinations and treatment at the Fentress County Jail on a multitude of occasions, both before and after Defendant Wasik began her tenure as jail administrator. Specifically, after Plaintiff King was returned to the Fentress County Jail from the Overton County Jail on September 28, 2010, he was provided prescription medications Ranitidine and amoxicillin on November 4, 2010 (Docket Entry No. 313 at 3). He began receiving Tramadol on December 15, 2010. Following complaints of a rash, he was seen by Nurse Smith and

6

prescribed Nystatin and Benadryl on or about February 1, 2011.

Plaintiff King was released from the Fentress County Jail on February 24, 2011, to participate in rehabilitation treatments at Faith Farms in Florida (Docket Entry No. 313 at 4). Moreover, Plaintiff King was seen at the jail by Nurse Faye Smith on multiple occasions between September 28, 2010, and King's release (Docket Entry No. 151-1 at 4-5).

In his declaration filed in response to Defendant Wasik's motion, Plaintiff King asserts that he was incarcerated at the Fentress County Jail in the fall of 2010, that he has scarring on his legs and genitals, and that these scars "are the result of time or something going on at the jail during 2010-2011" (Docket Entry No. 325 at 1). Plaintiff King further states that he requested his medical records and copies of his grievances from Defendant Wasik, that he did receive his medical records, but that Defendant Wasik could not provide the requested copies of his grievances. Plaintiff King further states in his declaration that he was "forced to live in a jail cell with raw sewage and human waste in the floor," and that he requested Defendant Wasik to send him to another jail until the problem with the sewage was repaired but she refused to do so. (*Id.*)

From the undisputed evidence in this record, the undersigned Magistrate Judge finds that Plaintiff King has failed to demonstrate the existence of a material issue of fact regarding Defendant Wasik's alleged deliberate indifference to a serious risk of injury from unsanitary jail conditions or Plaintiff King's

7

serious medical needs. To the contrary, the undersigned Magistrate Judge finds that Defendant Wasik, almost from the first day on the job as jail administrator, took multiple steps to address apparent problems with the plumbing at the jail and the problems of excessive moisture and condensation promoting the growth of mold within the facility. In addition, the undersigned Magistrate Judge finds from the undisputed record that Plaintiff King was seen on multiple occasions by a nurse in response to his various medical complaints during Defendant Wasik's tenure, and that Plaintiff was provided by the jail with multiple prescription medications calculated to address his various medical complaints.

For the reasons stated above, the undersigned Magistrate Judge finds that Defendant Wasik has shown that there is no genuine dispute as to any material fact and that she is entitled to judgment was a matter of law.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant Wasik's motion for summary judgment be GRANTED, and that the complaint be dismissed with prejudice. The undersigned further recommends that all pending motions be DENIED as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed

in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 24th day of January, 2014.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge